**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ALETHEIA RESEARCH MANAGEMENT, <br><br> Defendant, <br><br> and <br><br> PETER J. EICHLER, Jr., <br><br> Defendant-Appellant. | No. 15-55887 <br><br> D.C. No. 2:12-cv-10692-JFW-RZ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Peter J. Eichler, Jr., appeals pro se from the district court's order granting the Securities Exchange Commission's ("SEC") motion for monetary remedies in its civil enforcement action alleging violations of the Investment Advisers Act of 1940 and the Securities and Exchange Act of 1934.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion.  *SEC v. First Pac. Bancorp*, 142 F.3d 1186, 1190 (9th Cir. 1998) (disgorgement); *Fed. Election Comm'n v. Furgatch*, 869 F.2d 1256, 1258 (9th Cir. 1989) (civil penalty).  We affirm.

The district court did not abuse its discretion in ordering the disgorgement of $1,655,923 and relying on the Securities and Exchange Commission's expert in setting the disgorgement amount.  *See SEC v. JT Wallenbrock & Assocs*., 440 F.3d 1109, 1113 (9th Cir. 2006) ("[T]he district court has broad equity powers to order the disgorgement of ill-gotten gains obtained through the violation of federal securities laws" and "broad discretion in calculating the amount to be disgorged." (citations and internal quotation marks omitted)).

The district court did not abuse its discretion in setting the civil penalty equal to the disgorgement amount.  *See* 15 U.S.C. § 78u(d)(3)(B) (authorizing civil penalties equal to the amount of pecuniary gains as a result of securities violations); 15 U.S.C. § 80b-9(e)(2) (same).

15-55887

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**